### VAN FOSSEN *v.* KITCHEN.

The maker of a note, in a suit by an assignee, has the same rights as to the range of his evidence in impeaching its consideration, as he would have in a suit by the payee.

APPEAL from the *Decatur* Circuit Court.

*Thursday,
June 8.*

STUART, J.—*Van Fossen* sued *Kitchen* on a note of 400 dollars. The defendant set up failure of consideration. Trial by jury and judgment for the defendant. *Van Fossen*, having embodied all the evidence in the record, appeals.

It appears that *Newberry* and *Loomis* sold *Kitchen* a patent right for a clover-hulling machine in twelve counties, for 1,300 dollars, of which the note in suit was the first instalment, and assigned by the payees to the plaintiff.

Among other things it was stipulated in the contract, that if *Kitchen*, after using due diligence in exhibiting the machines and selling rights, should fail to make sales to the amount of his obligations, then the payees of the note should accept the amount of sales he had made, in cash or cash notes, &c., and cancel and deliver up his notes, he deeding back the unsold territory.

Two errors are assigned, viz.,

1. The evidence does not sustain the finding of the jury.

2. The Court erred in permitting the deeds of reconveyance tendered by *Kitchen* to *Newberry* and *Loomis* to be given in evidence.

As to the first objection, it appears that *Kitchen* had

visited the counties purchased, with a view of selling, but without success. The evidence of what had been done was before the jury; the verdict is equivalent to saying that *Kitchen* had used due diligence in endeavoring to sell, &c. This is our own conclusion from the evidence. And even had we differed from the jury, we should not have disturbed their finding on a question so peculiarly within their province to decide.

There is nothing in the second objection. *Kitchen* had the same rights as to the range of his evidence in making out his defence against the assignee, that he would have had against the assignors.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*J. Gavin*, for the appellee.